UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
CHRISTOPHER BURNS             :     Civil No. 3:19CV00553(JCH)
                              :
v.                            :
                              :
JAMES C. ROVELLA, et al.      :     November 14, 2019
                              :
------------------------------x
```

## RULING ON MOTION TO COMPEL [Doc. #40]

Pending before the Court is a motion by plaintiff Christopher Burns ("plaintiff") seeking to compel the production of unredacted copies of a criminal investigation report. [Doc. #40]. Defendants[1] have filed a memorandum in opposition to plaintiff's motion to compel, [Doc. #44], to which plaintiff has filed a reply, [Doc. #46]. For the reasons articulated below, plaintiff's motion to compel [Doc. #40] is **DENIED, without prejudice to re-filing.**

**A. Background**

The Court presumes general familiarity with the background of this matter, which is set forth in the parties' briefing and Judge Janet C. Hall's October 30, 2019, Ruling on Motion to

---

[1] On November 7, 2019, plaintiff filed an Amended Complaint naming the following defendants: James C. Rovella; Dora B. Schriro; George F. Battle; Stavros J. Mellekas; and the Department of Emergency Services and Public Protection ("DESPP") (hereinafter collectively referred to as the "defendants"). [Doc. #49].

1

Dismiss. See Doc. #48. However, the Court will briefly address the procedural and factual background as relevant to the pending motion to compel.

Pursuant to Judge Hall's Standing Order Relating to Discovery [Doc. #5], on September 9, 2019, counsel for plaintiff faxed a letter to Judge Hall's chambers asserting that defendants had failed to produce documents responsive to the Court's Initial Discovery Protocols [Doc. #6]. Plaintiff asserts that defendants failed to produce all "[d]ocuments concerning investigation(s) of any complaint(s) about the plaintiff or made by the plaintiff, if relevant to the plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged." Doc. #40 at 1. At that time, plaintiff specifically sought the production of documents related to a criminal investigation into steroid use and distribution, in which plaintiff was implicated. On September 10, 2019, Judge Hall referred the discovery dispute to the undersigned. [Doc. #33].

The Court held a telephonic status conference on October 8, 2019, to address the issues raised by plaintiff's September 9, 2019, letter to Judge Hall. See Docs. #37, #39, #47. During that call, counsel for plaintiff reported that he had received the documents related to the steroid investigation, but that the documents were heavily redacted. See Doc. #47, Transcript of October 8, 2019, Status Conference at 4:8-5:3. During the call

with the Court, counsel for plaintiff confirmed that he now seeks an unredacted version of the documents produced, namely the "police report regarding a criminal investigation of which [plaintiff] is one of the targets." Id. at 9:2-7; see also id. at 5:4-18. Counsel for defendants asserted that the documents had been redacted on grounds of "[p]rivacy and security[.]" Id. at 6:13. At the conclusion of the call, the Court ordered the parties to submit additional briefing regarding the basis for the redactions. See id. at 7:18-20. The Court then entered an Order requiring that plaintiff file a motion to compel on or before October 15, 2019, and that defendants file a response by October 22, 2019. See Doc. #38. The parties have timely complied with that Order. See Docs. #40, #44.

**B.  Applicable Law**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he burden of demonstrating relevance remains on the party seeking discovery." Bagley v.

3

Yale Univ., 315 F.R.D. 131, 144 (D. Conn. 2016) (citation omitted), as amended (June 15, 2016); Republic of Turkey v. Christie's, Inc., 326 F.R.D. 394, 400 (S.D.N.Y. 2018) (same). Once the party seeking discovery has demonstrated relevance, the burden then shifts to "[t]he party resisting discovery ... [to] show[] why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009) (alterations added).

**C. Discussion**

Before turning to the substance of the parties' arguments, the Court first addresses two preliminary issues.

1. Preliminary Issues

First, plaintiff dedicates a considerable amount of his briefing to defendants' alleged discovery abuses. See Doc. #40-1 at 3-4, Doc. #46 at 3-4. Although the Court does not take such allegations lightly, this aspect of plaintiff's briefing detracts from the substance of his argument concerning the redactions specifically at issue. Regardless, the Court expects all parties, and their counsel, to comply with their respective discovery obligations, and with the Local and Federal Rules of Civil Procedure. Unless and until a motion for sanctions is filed, which the Court certainly does not encourage at this stage of the proceedings, the Court will not further address

4

plaintiff's claims concerning defendants' alleged discovery abuses.

Second, plaintiff asserts that state law governs the claims of privilege in this matter. See Doc. #40-1 at 4. Plaintiff specifically cites Federal Rule of Evidence 501 in support of that assertion, quoting Rule 501 as follows: "But in a civil case, state law governs privilege ..." Id. (sic). Plaintiff somewhat misleadingly omits the last portion of that quoted sentence, which in its entirety provides: "But in a civil case, state law governs privilege regarding a claim or defense **for which state law supplies the rule of decision**." Fed. R. Evid. 501 (emphasis added).[2]

At the time plaintiff filed the motion to compel, his complaint primarily asserted federal causes of action; specifically, claims had been brought pursuant to 42 U.S.C. §1983 and for violations of the federal Family Medical Leave Act of 1993, 28 U.S.C. §2601, et seq. See generally Doc. #1. Indeed, plaintiff asserted federal question as the basis of the Court's jurisdiction. See id. at 2; see also Doc. #18 at 2. Although

---

[2] Plaintiff's selective citation is only somewhat misleading because "in a diversity case, the issue of privilege is to be governed by the substantive law of the forum state[.]" Dixon v. 80 Pine St. Corp., 516 F.2d 1278, 1280 (2d Cir. 1975); accord Application of Am. Tobacco Co., 880 F.2d 1520, 1527 (2d Cir. 1989). As will be discussed, however, subject matter jurisdiction in this case is not based on diversity of citizenship between the parties.

5

plaintiff had also asserted claims for intentional infliction of emotional distress, violation of the Connecticut Constitution, and under Connecticut General Statutes section 31-51q, see id. at 15, plaintiff withdrew his claims asserted pursuant to the Connecticut Constitution and section 31-51q. See Doc. #30 at 20-21; Doc. #48 at 35. Judge Hall has now dismissed plaintiff's claim for intentional infliction of emotional distress. See Doc. #48 at 33-36.[3] On November 7, 2019, plaintiff filed an Amended Complaint raising only federal law claims. See generally Doc. #49.

"[Q]uestions about privilege in federal question cases are resolved by the federal common law." Woodward Governor Co. v. Curtiss Wright Flight Sys., Inc., 164 F.3d 123, 126 (2d Cir. 1999); see also In re Copper Mkt. Antitrust Litig., 200 F.R.D. 213, 217 (S.D.N.Y. 2001) ("Where, as here, subject matter jurisdiction is based on a federal question, privilege issues are governed by federal common law."); Vidal v. Metro-N.

---

[3] Judge Hall dismissed a number of plaintiff's original claims, some without prejudice to repleading. See generally Doc. #48. Judge Hall permitted the following claims to proceed: "Count Three, against DESPP, for retaliation under the family-care provision of the FMLA; Count Three, against DESPP, for interference under the family-care provision of the FMLA; and Count Three, against Battle, in his individual capacity, for retaliation only, under the family-care provision of the FMLA." Id. at 36. Plaintiff's Amended Complaint now asserts two causes of action: "Violation of FMLA" and "Fourteenth Amendment Due Process[.]" Doc. #49 at 9, 11.

6

Commuter Ry. Co., No. 3:12CV0248(MPS)(WIG), 2014 WL 413952, at *3 (D. Conn. Feb. 4, 2014) ("Where the district court's subject matter jurisdiction is based on a federal question, privilege issues are governed by federal common law."). Accordingly, the federal common law applies to defendants' redactions on grounds of privacy and security.

Bearing the above in mind, the Court turns next to the parties' substantive arguments.

2. Analysis

Plaintiff asserts that he has a "legitimate need" for the information redacted from the criminal investigation report. Doc. #40-1 at 6. Plaintiff asserts: "[T]he redacted information in the report is believed to be the complainant and witnesses in a contrived criminal investigation into plaintiff. ... The investigation was instigated by defendants in order to swiftly remove plaintiff from his position ... [a]ll in retaliation for Plaintiff's use of FMLA and prior assertion, ... of his First Amendment rights." Doc. #40-1 at 6 (sic). Plaintiff further asserts that he needs the redacted information "to ascertain witnesses and law enforcement personnel involved in the manufactured complaint and investigation." Id. at 7.[4]

---

[4] Plaintiff also attacks defendants' prior claim of the deliberative process privilege. See Doc. #40-1 at 5-6. However, defendants no longer rely on that privilege. See Doc. #44 at 2 n.3.

7

Defedants respond that the following redactions to the criminal steroid investigation report "were made for the privacy of individuals not involved in this litigation and for security reasons[:]"

> 1) identifying information, including names and home and work addresses of the individual who made the narcotic complaint to DESPP and her husband, a retired police officer who committed suicide; 2) any identifying information contained in statements made by family members of the complainant; 3) any identifying information, including name, address, driver's license number, telephone number and place of employment, of the suspected steroid trafficker; 4) identifying information and place of employment of physician suspected of prescribing steroids; 5) investigative mail watch techniques, ... 6) any identifying information, including, including names, addresses, and license plate numbers, that were documented as part of surveillance conducted during the investigations.

Doc. #44 at 3 (sic) (footnote omitted). Defendants represent that "[t]he names of DESPP law-enforcement personnel conducting the investigations were not redacted." Id. Defendants further justify the need for the redactions on the ground that the criminal investigation report "has been referred to DESPP's [Internal Affairs] for further investigation[,]" and that "[b]ut for this litigation, Plaintiff would not have access to the report as part of the on-going Internal Affairs investigation." Id. Defendants also contend: (1) "Plaintiff has not identified a clear and specific need for the redacted material related to this litigation ... [and] relies on specious assertions without any factual support[;]" and (2) "Plaintiff has not demonstrated

8

how the redacted material is relevant to his specific claims." Id. at 4.

In pertinent part, plaintiff responds that he "need[s] to prove that the criminal investigations were manufactured and that witnesses were misstated or coerced" because he "was falsely accused of illegal steroid distribution." Doc. #46 at 5. Plaintiff asserts that "[e]xamining witnesses to these investigations is part of that effort." Id. at 6. Plaintiff further asserts that the redacted information is relevant to his claims because his "retaliation claim is that these investigations and suspensions were a pretextual for the defendants' adverse employment actions against him and were done in retaliation for his use of FMLA and First Amendment speech and petitions. These investigations are dubious and the Complaint clearly puts them in issue." Doc. #46 at 6 (sic).

At this stage of the proceedings, plaintiff has not demonstrated how the redacted information is relevant to his claims. The names of the DESPP officials investigating the steroid allegations have not been redacted from the documents at issue. Plaintiff alleges that it was the defendants who "initiated false and dubious investigations" -- not the complainant or witnesses whose names are redacted from the subject documents. Doc. #49 at 8, ¶50. Plaintiff further elaborates in his motion: "[T]he redacted information in the

report is believed to be the complainant and witnesses in a contrived criminal investigation into plaintiff. The investigation was instigated by defendants in order to swiftly remove plaintiff from his position[.]" Doc. #40-1 at 6 (emphasis added). Defendants represent that the police officers whose names have been redacted from the report do not work for DESPP, but rather for a municipal police department. See Doc. #44 at 3 n.4. They are not defendants. Regardless, on the current record, the conclusory allegation that the steroid investigation was "contrived" is speculative and not supported by a factual basis. At this time, the Court will not compel the production of the redacted information on such unsupported grounds. See, e.g., McBeth v. Porges, 171 F. Supp. 3d 216, 236 (S.D.N.Y. 2016) ("[[T]he Federal Rules of Civil Procedure do not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions or speculation[.]" (citation and quotation marks omitted)).[5]

Further, plaintiff may obtain information concerning the allegedly "contrived" investigation by deposing either the individual defendants or the DESPP investigators named in the

---

[5] Plaintiff does not appear to challenge the redactions relating to investigative techniques, and therefore the Court focuses its analysis on the withheld names and identifying information of the complainant and other witnesses to the steroid investigation.

subject documents. By insisting that he needs to examine the "witnesses to these investigations[]" in order to "demonstrate that the criminal investigations relied on by defendants ... were unfounded[,]" Doc. #46 at 5, plaintiff assumes that he will be unable to obtain truthful and accurate information from the individual defendants and the DESPP officers who investigated the criminal complaints. There is nothing in the record before the Court to support such a contention.

Accordingly, on the current record, plaintiff has failed to establish the relevance of the redacted information sought. If through other discovery plaintiff can establish a factual basis for the relevance of the redacted information, he may re-file his motion to compel.

**D.  Conclusion**

Therefore, for the reasons stated, plaintiff's motion to compel [Doc. #40] is **DENIED, without prejudice**.

SO ORDERED at New Haven, Connecticut this 14th day of November, 2019.

/s/<br>
HON. SARAH A. L. MERRIAM<br>
UNITED STATES MAGISTRATE JUDGE